MENA TRINKLE, RESPONDENT v. FREDERICK W. DONNELLY ET AL., APPELLANTS.

LOUISA T. VAN HORN, RESPONDENT, v. FREDERICK W. DONNELLY ET AL., APPELLANTS.

BRIDGET SHEEHAN, RESPONDENT, v. EDWARD W. LEE ET AL., APPELLANTS.

Submitted July 10, 1922—Decided September 29, 1922.

On appeal from the Supreme Court, whose opinion is reported in 96 *N. J. L.* 341, 345.

For the appellants, *Katzenbach & Hunt.*

For the respondents, *Henry M. Hartmann.*

PER CURIAM.

These appeals must be dismissed. Where the Supreme Court on the return of a rule to show cause awards or refuses a writ of peremptory *mandamus* without the prior award of an alternative writ, the rule is firmly settled that to that action a writ of error, or, under present practice, an appeal, will not lie, except by virtue of a statute in cases of denial of the writ, where a constitutional question is involved, a condition which does not exist here. *Comp. Stat.,* p. 3216, § 6; *Layton* v. *State,* 28 *N. J. L.* 575; *American Transportation Co.* v. *New York, Susquehanna and Western Railroad Co.,* 59 *Id.* 156; *Paterson* v. *Shields, Id.* 426; *Kenny* v. *Hudspeth, Id.* 504, 527; *Morris & Cummings Dredging Co.* v. *Bayonne,* 76 *Id.* 573; *Matlack* v. *Lloyd,* 82 *Id.* 739; *Browne* v. *King,* 91 *Id.* 317.

Where an issue is made up on a record of alternative writ, return thereto, &c., followed by a judgment, error will lie. The practice is outlined in *Silverthorne* v. *Warren Railroad Co.,* 33 *N. J. L.* 178, and later cases.

The appeal will be dismissed, but without prejudice to an application to the Supreme Court to permit the making up of a record based on an alternative writ, upon which record a judgment may be entered as a basis of review. Whether such permission should be given is, of course, a matter for the determination of the Supreme Court.