PIAGET-DEL CORPORATION, A CORPORATION OF NEW JERSEY, RELATOR, v. JACOB KULIK, BUILDING INSPECTOR OF THE CITY OF CLIFTON, AND CITY OF CLIFTON, A MUNICIPAL CORPORATION, RESPONDENTS.

Argued January 15, 1946—Decided March 29, 1946.

Before Justices CASE (now CHIEF JUSTICE), BODINE and PERSKIE.

For the relator, *Feder & Rinzler.*

For the respondents, *John G. Dluhy.*

The opinion of the court was delivered by

PERSKIE, J.    Relator, on the return of a rule to show cause, was awarded a peremptory writ of *mandamus* commanding respondents (building inspector of the City of Clifton and the City of Clifton) to issue a permit to him for the erection of a building to be used as a "skating rink." See *Piaget-Del Corp.* v. *Kulik,* 133 *N. J. L.* 485; 45 *Atl. Rep.* (*2d*) 125. Accordingly, the writ was issued.

Respondents petition this court that a record in alternative *mandamus* be moulded to the end that they may take an appeal from the judgment entered in the Supreme Court to the Court of Errors and Appeals. *R. S.* 2:83–11.  *Trinkle* v. *Donnelly,* 98 *N. J. L.* 298; 118 *Atl. Rep.* 417; *Roberts* v. *Hetrick,* 125 *N. J. L.* 633, 635; 17 *Atl. Rep.* (*2d*) 589. A like application was made to and denied by Mr. Justice

Heher, who sat alone pursuant to statute and who awarded the writ. See docket of the clerk of the Supreme Court.

Our careful study of respondents' application fails to disclose any justification for the exercise of our discretionary power in the premises. *Cf. Roberts* v. *Hetrick, supra* (at *p.* 635). For, we are entirely satisfied that Mr. Justice Heher reached the correct result on the merits. *Piaget-Del Corp.* v. *Kulik, supra.*

Hence, we too deny respondents' petition which is dismissed, with costs. Chief Justice Case dissents.

CASE, CHIEF JUSTICE. (Dissenting.) The only question before us is whether the city should be permitted to mould the pleadings so that it may have the benefit of an appeal. I am of the opinion that the proposed use—a skating rink—is not prohibited by the ordinance, but the decision involves a construction of terms that are not entirely clear, and as the matter is one that is of importance to the city, and other judges may have other views, I think the city should not be shut off without a review. One of the obscure provisions of the ordinance is that no "merry-go-rounds, ferris wheels, or similar amusement" shall be permitted in the zone. I believe that a skating rink is not within that description, and yet I am not able to say with assurance that an appellate court might not find, in the droning of mechanical music, the noise of many skaters, the assembling of crowds, and the like, some marks of similarity that would bring a skating rink within that prohibition. If a court refused a review simply because it viewed its decisions as sound, there would be no reviews. To permit an appeal is simply to recognize that there are aspects of the case on which an appellate court may think otherwise. There appears to be no such urgency in this case as would result in great harm because of the time taken by an appeal. To allow or not to allow is in our discretion. My discretion leads me to think that the pleadings should be so moulded as to cause the peremptory writ of *mandamus* to become an alternative writ to the extent of permitting an appeal.